The opinion of the Court was delivered by
JoHNSTON, Ch.
Upon the subject of the continuance, this Court is of opinion, that the Chancellor’s discretion was well exercised. Indeed, it is hardly proper to say that the motion to continue was properly brought before him. The accounts were before the commissioner, and it was to him the motion should have been submitted before the close of the reference. This was not done ; and it was very irregular to pass by the commissioner, and bring before the Chancellor a motion which should have been made to and decided by the former, according to his discretion.
On the subject of the commissions, this question was argued before the Chancellor as if the penalty for not making returns,' contained in the statute, was by the terms of the statute applicable to guardians as well as to executors and administrators. The *395 distinction, in that respect, established in tbe case of Muckenfuss vs. Heath, 1 Hill Ch. 182, was not brought to his view. We are of opinion that his ruling on that point, resulting from the cause just mentioned, was erroneous, and that the guardian, irrespective of his returns, is entitled to commissions on his receipts and disbursements.
. There is no authority for the position contended for by the plaintiffs that the defendant should be charged with compound interest in this case. There are cases in which a trustee employing the funds of the cestui que trust for his own benefit, and-subjecting them to the casualties of trade, and there is no means of ascertaining the profits made, has been subjected to compound interest by annual and even semi-annual rests; of which, an instance exists in Schieffelin vs. Stewart, 1 Johns. Ch. 620. But there'is nothing of that kind here; and the course of this Court is to discourage the compounding of interest, as will appear in a note subjoined in which the ca<ses are collected, (a)
*396 We are satisfied with tbe Chancellor’s ruling that the guardian was chargeable, under the evidence, with the money he neglected to receive from the commissioner.
The remaining questions in the case relate to the computation of interest, (of course I mean simple interest,) on the guardian’s accounts. It is a subject of great difficulty.
The general principles applicable to the subject are, that a trustee is not to make profit out of the trust funds in his hands, and • that ho shall exercise that degree of diligence in relation to the trust estate, which men of ordinary prudence exercise with respect to their own estates, and if any loss result from his failure in this, respect, he, and not his cestui que trust, must bear it. These principles must guide-in the decision of all Cases; and the application of any universal and inflexible rule is impossible, because such rule would, under some circumstances, serve rather to sacrifice than to advance the general principles, which it is its intention and purpose to carry out.
If a trustee should have in his hands securities, bearing interest, which securities are not realized until just before his settlement with his cestui que trust, in such case it is clear that he should be charged with the interest borne by the securities, and *397 no more ; and whatever expenditures he may have made in the meantime out of his own funds, should bear a simple interest in his favor from their dates respectively. In such a case as this which I have mentioned, there is neither necessity nor propriety in casting annual balances, and computing interest upon them.
If a security comes into the trustee’s hands, bearing interest, he is not allowed to take the interest to himself; and in such case there is no propriety in deferring the computation of interest, so far as that security is concerned, until the end of the year. It is not necessary to allow time for investment — an investment already existing in the security itself.
Again : Although the general rule be not to charge trustees with interest upon sums received until the end of the year in which they are received, yet if it should happen that a large sum should come into his hands on the' first day of January, and he should not pay it out until the last day of December, it would not seem proper to excuse him from interest from some reasonable time after the money came into his hands. He should have put it out, as a prudent man would have done with his own. But if, on the other hand, he should show that he was obliged to keep the money ready for the creditor, it would be very unfair to compel him to pay interest on it. The circumstances must govern in the decision of such cases.
A gain : Though the general rule is to deduct from the last annual balance, and the sums received during the current year, all sums ■ expended during the same year, reserving the balance thus left as that upon which interest should be computed from the beginning of that year; yet there .may be special circumstances attending particular cases, which should deflect the rule.
We see no special circumstances in this case, however, to take it out of the general rule and practice, which are, that a trustee is not chargeable with interest upon moneys received (where there are both receipts and expenditures) until the end of the year in which they are received ; nor is he entitled (in such a case) to interest upon his expenditures until the end of the year. The re *398 ceipts and expenditures are set off against each, other, and the balance carries interest from the end of the year in favor of the party — trustee or cestui que trust — in whose favor it is cast. The balance, however, may be reduced, (and of course the computation of interest varied,) by the receipts and expenditures of the year following that in which it is established. As for instance : if in that succeeding year the trustee expends more than he receives, he should he presumed to have held so much of the last annual balance as was necessary to make up the difference; in which case interest should be computed only oh the residue of the balance not thus employed. Or he may, on the other hand, have received more than he expended, in which case the excess of receipts over expenditures should be applied to the extinguishment of any balance that may have been previously established in his favor; leaving only the residue of that balance to bear interest for his benefit.
According to these rules, we think this account should have been stated by the commissioner, and
It is ordered that the account be remanded to the Circuit Court, and to the commissioner, to be stated according to the opinion expressed by this Court.
Put in sending the case back, the Court must accompany it with a further order.
In Booth vs. Sineath, 2 Strob. Eq. 31, the Court has laid it down that when a trustee admits his accountability, he must file with his answer a stated account showing the balance which he admits to be due. Where this is done, (and the answer is incomplete and subject to exception, if it is not done,) the plaintiff is entitled to a short order that the sum admitted be paid to him. And such an order might have been granted in this case, if the account filed with the answer had stated the interest which the defendant admitted, and had struck a balance. As it is, the Court perceives clearly that all interest overcast against the defendant, and all commissions improperly disallowed to him cannot possibly amount to eight hundred dollars. Deducting that sum,' *399 therefore, from the sum of five thousand three hundred and eighty-One dollars and seventy-seven cents, reported by the commissioner, it is impossible that the defendant can be injured, if the Court should now order him to pay to the plaintiffs, within thirty days after notice of this decree, the balance, in round numbers, four thousand five hundred and eighty dollars. And it is ordered that he do pay them the last mentioned sum accordingly.
DuetkiN, DargaN and Ward law, CC., concurred.

Decree modified.

 Authorities on mode of computing interest:
Darrel vs. Eden, 3 Des. 241, holds, that from 1797, when the case of Stewart vs.- Carson was decided, the course lias been to allow interest on executors’ accounts. But, says the Court, the account must be made up yearly, and the interest should be kept in. a separate column, and compound interest should not be, allowed.
Jenkins vs. Fickling, 4 Des. 370, holds, that executors ought to pay interest.
Benson vs. Bruce, 4 Des. 464, holds, that interest shall be charged against an administrator, because he kept the money of the intestate in his hand an unreasonable time, &c.
Walker vs. Bynum, 4 Des. 555. The Court laid down the rule, that where an executor, administrator, or guardian, receives money, he is bound to pay debts or put it out at interest on proper .securities, and that when he receives considerable sums and no circumstances exist for retaining it, he is bound to pay interest.
Taveau vs. Ball, 1 McC. Ch. 456. The Court held, that defendant was not chargeable with interest except on annual balances, and that time should be allowed an executor to look out for proper investments, after the balance is ascertained.
Black vs. Blakely, 2 McC. Ch. 1. The Court say, the rule for calculating interest has long been settled in this State. It is, where partial payments have been made, to apply the payment, in the first place, to the discharge of the interest then due. If the payment exceeds the interest, the surplus goes to discharge the principal, and interest is computed on the balance of principal. If the payment be less than the interest, the surplus of interest must not be taken to augment the principal, but interest continues on the former principal until the period when the payments taken together exceed the interest then due. That method of calculating interest has been settled by the decisions of our Courts for more than *396 thirty years. The Court then adds, that they had never known compound interest allowed on a mere neglect to pay over money.
Wright vs. Wright, 2 McC. Ch. 194. Nott, J., in delivering the opinion of the Court, says, that the allowance of compound interest seems to he an invention of modern date. That there is no such general -rule, and that even if it were the rule in the English Courts, it would he impracticable in this country, where money cannot always be let out promptly, much less safely, at interest. Simple interest is usually more than can be realized with the utmost diligence.
Rowland vs. Best, 2 McC. Ch. 321. The rule is, to allow interest on the annual balances, but not so as to allow compound interest; and, on appeal, this was sustained.
Schnell vs. Schroder, Bail. Eq. 335 ; Brown vs. Vinyard, Id. 460 ; Jones vs. West, 2 Hill, 560; Davis vs. Wright, Id. 560; Dickson vs. Hunter, 3 Hill, 204. All these cases recognize the principle of annual balances, and simple interest kept in a separate column, all repudiate the doctrine of compound interest. In Dixon vs. Hunter, it is said: the general rule laid down in Jones vs. West and Davis vs. Wright, charging interest on annual balances, may be just in its operation where the receipts exceed the expenditures of the current year. But-where the payments exceed the receipts, the receipts should be added to the annual balance on hand, and from the aggregate the payments of that year be deducted, and on this 'balance only should interest be charged. .